UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

ORANGEBURG DIVISION

| | |
|---|---|
| Lymisha Ryant, Individually and as Personal Representative of the Estate of Tony Glen Tyler,<br><br>      Plaintiff,<br><br>vs.<br><br>Willie Bamberg, Sgt. Edward Rawls, Roy Brooks, Melanie Williams, Harrie Mintz,<br><br>      Defendants. | Civil Action No.: 5:15-cv-02035-JMC-PJG<br><br>**ANSWER OF SGT. EDWARD RAWLS**<br>(Jury Trial Demanded) |

**TO: C. CARTER ELLIOTT, JR. AND CLYDE C. DEAN, JR., ATTORNEYS FOR PLAINTIFF:**

Defendant Sgt. Edward Rawls ("Defendant"), by and through his undersigned attorneys, not waiving but specifically reserving his right to be heard under all Rule 12 Motions, answering the Complaint herein, would respectfully show unto the Court that:

**FOR A FIRST DEFENSE**

1. Plaintiff has failed to properly serve Defendant pursuant to Rule 4, of the Federal Rules of Civil Procedure.

2. Defendant pleads insufficiency of process and insufficiency of service of process under Rule 12(b)(4) and (5), Federal Rules of Civil Procedure as defenses, and also moves to dismiss on these grounds.

**FOR A SECOND DEFENSE**

3. To the extent Defendant is sued in his official capacity as a governmental official, Defendant is liable only as provided by the South Carolina Tort Claims Act, S.C. Code Ann. § 15-

78-10 *et seq*. Pursuant to S.C. Code Ann. § 15-78-120(b), all claims for punitive damages, attorney's fees, and costs against the Defendant contained in the Complaint should be stricken.

4.    Under the South Carolina Tort Claims Act, recovery against Defendant is limited to recovery permitted by said Act under S.C. Code Ann. § 15-78-120(a).

5.    Defendant, therefore, moves to dismiss and strike all claims for punitive damages, attorney's fees, and costs and all allegations of reckless, willful, wanton and/or grossly negligent behavior.

## FOR A THIRD DEFENSE

6.    Defendant specifically denies each and every allegation contained within the Complaint not hereinafter either expressly admitted, qualified or explained.

7.    The allegations of Paragraphs 1 and 2 of the Complaint can be neither admitted nor denied because they call for legal conclusions. To the extent that a response is required, the allegations are denied.

8.    Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraphs 3 and 4 of the Complaint, and therefore denies same and demands strict proof thereof.

9.    Denies the allegations of Paragraph 5 of the Complaint as worded and further asserts that the OCDC is a governmental entity and agency as defined in S.C. Code Ann. § 15-78-30.

10.   Admits only so much of the allegations of Paragraph 6 of the Complaint as would allege that Defendants Sgt. Edward Rawls, Roy Brooks, Melanie Williams and Harrie Mintz at all times relevant herein were acting as agents, servants, officers, or employees of the OCDC and were acting within the course and scope of their employment. The remaining allegations of

Paragraph 6 of the Complaint are denied by this Defendant, and Defendant demands strict proof thereof.

11.     Denies the allegations of Paragraph 7 of the Complaint and demands strict proof thereof.

12.     Admits only so much of the allegations of Paragraph 8 of the Complaint as would allege that Defendants Roy Brooks, Melanie Williams and Harrie Mintz at all times relevant herein were acting as agents, servants, officers, or employees of the OCDC and were acting within the course and scope of their employment. The remaining allegations of Paragraph 8 of the Complaint are denied by this Defendant, and Defendant demands strict proof thereof.

13.     Admit only so much of the allegations of Paragraph 9 of the Complaint as alleges that venue is proper in this District but denies the remaining allegations of Paragraph 9 of the Complaint and demands strict proof thereof.

14.     Denies the allegations of Paragraphs 10, 11, 12, 13, 14, 15, 16, 17 18, 19, 20 and 21 of the Complaint and demands strict proof thereof.

15.     Paragraph 22 of the Complaint can be neither admitted nor denied and the Defendant herein reasserts and realleges his answers to the prior allegations of the Complaint as set forth above.

16.     The allegations of Paragraph 23 of the Complaint can be neither admitted nor denied because they call for legal conclusions. To the extent that a response is required, Defendant specifically denies any claims by the Plaintiff which could be construed as allegations of negligence, gross negligence, unprofessional conduct, cruel and unusual punishment, denial of proper and adequate medical attention, or violations of any of the Plaintiff's constitutional rights or that Defendant owed any duties to Plaintiff.

17. Denies the allegations of Paragraphs 24 (including all sub-parts), 25 and 26 of the Complaint and demands strict proof thereof.

18. Paragraph 27 of the Complaint can be neither admitted nor denied and the Defendant herein reasserts and realleges his answers to the prior allegations of the Complaint as set forth above.

19. The allegations of Paragraph 28 of the Complaint can be neither admitted nor denied because they call for legal conclusions. To the extent that a response is required, Defendant specifically denies any claims by the Plaintiff which could be construed as allegations of negligence, gross negligence, unprofessional conduct, cruel and unusual punishment, denial of proper and adequate medical attention, or violations of any of the Plaintiff's constitutional rights or that Defendant owed any duties to Plaintiff.

20. Denies the allegations of Paragraphs 29 (including all sub-parts), 30, 31 and 32 (including all sub-parts) of the Complaint and demands strict proof thereof.

21. Denies the allegations of Paragraphs 33 and 34 of the Complaint and demands strict proof thereof.

22. Paragraph 35 of the Complaint can be neither admitted nor denied and the Defendant herein reasserts and realleges his answers to the prior allegations of the Complaint as set forth above.

23. The allegations of Paragraph 36 of the Complaint can be neither admitted nor denied because they call for legal conclusions. To the extent that a response is required, Defendant specifically denies any claims by the Plaintiff which could be construed as allegations of negligence, gross negligence, unprofessional conduct, denial of due process, or violations of any of the Plaintiff's constitutional rights or that Defendant owed any duties to Plaintiff.

24. Denies the allegations of Paragraphs 37 (including all sub-parts), 38 and 39 of the Complaint and demands strict proof thereof.

25. Paragraph 40 of the Complaint can be neither admitted nor denied and the Defendant herein reasserts and realleges his answers to the prior allegations of the Complaint as set forth above.

26. The allegations of Paragraph 41 of the Complaint can be neither admitted nor denied because they call for legal conclusions. To the extent that a response is required, Defendant specifically denies any claims by the Plaintiff which could be construed as allegations of negligence, gross negligence, unprofessional conduct, denial of due process, or violations of any of the Plaintiff's constitutional rights or that Defendant owed any duties to Plaintiff.

27. Denies the allegations of Paragraphs 42 (including all sub-parts), 43, 44, 45 (including all sub-parts), 46 and 47 of the Complaint and demands strict proof thereof.

28. Defendant denies all remaining allegations of the Complaint, including all of Plaintiff's prayers for relief, and demands that the case be dismissed.

## FOR A FOURTH DEFENSE

29. The Complaint fails to state a cause of action against Defendant.

## FOR A FIFTH DEFENSE

30. The Complaint fails to state a claim upon which relief can be granted.

## FOR A SIXTH DEFENSE

31. The Complaint shows on its face that the alleged causes of action are frivolous and insubstantial.

## FOR A SEVENTH DEFENSE

32. Defendant denies that the matters asserted by Plaintiff in the Complaint fall within

the purview of 42 U.S.C. § 1983. Defendant denies that any constitutional rights of the Plaintiff have been violated; Defendant denies that Plaintiff has been subjected to cruel and unusual punishment or any other Constitutional deprivation; and Defendant denies that he was deliberately indifferent to Plaintiff's medical needs.

**FOR AN EIGHTH DEFENSE**

33.     That at all times relevant hereto, Defendant was acting as an employee, officer, and official of a governmental or municipal agency, engaged in the performance of his official duties, and is therefore immune from liability and cannot be sued without an express waiver of sovereign immunity.

**FOR A NINTH DEFENSE**

34.     That at all times relevant hereto, Defendant was acting as an officer and official of a governmental or municipal agency, engaged in the performance of his official duties and acting as the alter ego of the State of South Carolina, and therefore this action is barred by the Eleventh Amendment to the Constitution of the United States.

**FOR A TENTH DEFENSE**

35.     That the Defendant, at all times relevant hereto, and during the performance or nonperformance of the acts alleged in the Complaint, did not perform any acts or fail to perform any acts in bad faith, in a malicious manner, or with corrupt motives, and the Defendant is therefore immune from suit.

**FOR AN ELEVENTH DEFENSE**

36.     That at all times relevant to the allegations contained in the Complaint, the Defendant was acting according to and in compliance with specific laws, rules and regulations of

the State of South Carolina and the OCDC, and is therefore immune from suit and pleads such statutory or regulatory authorization as a complete defense and bar to the within cause of action.

## FOR A TWELFTH DEFENSE

37.     That at all times relevant hereto, Defendant was engaged in the performance of his official duties, and at no time violated any clearly established constitutional rights which were known or should have been known to him; therefore, he is entitled to qualified immunity as a matter of law.

38.     That at all times relevant hereto, Defendant was a governmental official performing discretionary functions and actions which could reasonably have been thought consistent with the rights of Plaintiff which he is alleged to have violated, and Defendant is therefore entitled to qualified immunity as a matter of law.

## FOR A THIRTEENTH DEFENSE

39.     Defendant asserts that the principle of *respondeat superior* does not apply to actions brought pursuant to 42 U.S.C. § 1983.

## FOR A FOURTEENTH DEFENSE

40.     Plaintiff has failed to exhaust his readily available administrative and state court remedies.

## FOR A FIFTEENTH DEFENSE

41.     To the extent that Plaintiff's Complaint may be construed to allege any claims under South Carolina law, Defendant was acting, at all relevant times, as an employee, officer and official of a governmental or municipal agency, engaged in the performance of his official duties, and is therefore immune from liability pursuant to the South Carolina Tort Claims Act, S.C. Code Ann.

§§ 15-78-10 to -220.  The OCDC and its employees are specifically immune pursuant to S.C. Code Ann. §§ 15-78-60(1), (2), (3), (4), (5), (17), (20), (21), (23), and (25).

## FOR A SIXTEENTH DEFENSE

42. That at all times relevant hereto, Defendant was acting as a governmental employee, engaged in the performance of his official duties, and is therefore immune from liability pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. §§ 15-78-10 to -220.  Further, Defendant affirmatively pleads and asserts all conditions of recovery, exceptions to waiver of immunity, limitations of liability, statutes of limitations, limitations as to damages and caps as to damages, as set forth in the South Carolina Tort Claims Act.

43. Defendant asserts that damages in this action, if any, are limited to the amounts set forth in S.C. Code Ann. § 15-78-120.

## FOR A SEVENTEENTH DEFENSE

44. Defendant denies any negligence whatsoever and alleges that the sole negligent acts and omissions of Plaintiff were the sole and proximate cause of his own injuries and the injuries to the Plaintiff, if any.

45. These acts and omissions by Plaintiff were the sole and proximate cause of injuries, if any, to the Plaintiff and therefore the action against Defendant should be dismissed.

## FOR AN EIGHTEENTH DEFENSE

46. Defendant would further show, upon information and belief, and in the alternative, that if Defendant was negligent, which Defendant denies, then the Plaintiff or his agent was likewise negligent and the Plaintiff's negligence, carelessness and recklessness directly and proximately caused the Plaintiff's or his agent's damages and injuries and that the Plaintiff's or his agent's negligence, carelessness and recklessness exceed any negligence, carelessness

recklessness on the part of Defendant and therefore, Defendant pleads the Plaintiff's greater degree of comparative fault as a complete bar to Plaintiff's recovery against Defendant.

### FOR A NINETEENTH DEFENSE

47.     If Defendant was negligent in any respect, which is expressly denied, and if Defendant's conduct operated as any cause of the Plaintiff's injuries or damages, if any, which is also expressly denied, Defendant is entitled to a determination as to the percentage of the Plaintiff's negligent, grossly negligent, reckless, willful and wanton conduct contributed to this incident and to a reduction of any amount awarded to the Plaintiff equal to the percentage of the Plaintiff's own negligence, gross negligence, recklessness, willful and wanton conduct.

### FOR A TWENTIETH DEFENSE

48.     Defendant denies any negligence whatsoever and alleges that the sole negligent acts of a third party or parties were the sole and proximate cause of injuries and damages to the Plaintiff, if any, and any one or more of those parties caused the injuries and damages to the Plaintiff.  The identity of that party or parties is unknown at this time but will be supplemented as discovery progresses.

49.     These acts and omissions by the third party or parties were the sole and proximate cause of any injuries or damages to the Plaintiff and therefore the action should be dismissed.

### FOR A TWENTY-FIRST DEFENSE

50.     Defendant asserts that even he was were negligent and reckless in any respect, which is expressly denied, he is not liable to the Plaintiff for the resulting damages, if any, because of the intervening negligent, grossly negligent, reckless, willful and wanton acts of third parties, including those parties whose identities are unknown at the present time, which negligent and

reckless acts on their part were not reasonably foreseeable, and intervened and acted as the direct and proximate cause of the damages, if any, sustained by the Plaintiff.

51.     Defendant asserts that the intervening acts of the third party or parties were the sole and proximate cause of injuries to the Plaintiff and the action should be dismissed.

### FOR A TWENTY-SECOND DEFENSE

52.     Any claims by Plaintiff for punitive damages are unconstitutional and violate the Defendant's constitutional rights under the Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America.

### FOR A TWENTY-THIRD DEFENSE

53.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### FOR A TWENTY-FOURTH DEFENSE

54.     Plaintiff's claims are barred by the doctrines of *res judicata* and collateral estoppel.

### FOR A TWENTY-FIFTH DEFENSE

55.     That at all times relevant hereto, the Defendant, acting as or through governmental official, was acting in good faith and within the course and scope of his official duties as an officer or official of the State of South Carolina, and is therefore immune from suit based upon the allegations alleged in the Complaint.

### FOR A TWENTY-SIXTH DEFENSE

56.     That Defendant, acting as or through governmental officials, at all times relevant hereto, and during the performance or nonperformance of the acts alleged in the Complaint, did not perform any acts or fail to perform any acts in bad faith, in a malicious manner, or with corrupt motives, and Defendant is therefore immune from suit.

**FOR A TWENTY-SEVENTH DEFENSE**

57.     Defendant asserts that no private cause of action exists for alleged violations of the Constitution of the State of South Carolina, and therefore asserts this as a defense and moves to dismiss such claims by Plaintiff.

**FOR A TWENTY-EIGHTH DEFENSE**

58.     Any injury or damage sustained by the Plaintiff as a result of the matters alleged in the Complaint were caused or occasioned by events over which Defendant had no control or right of control, thereby relieving Defendant from any liability or responsibility herein.

**FOR A TWENTY-NINTH DEFENSE**

59.     The Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that the Plaintiff failed to comply with the requirements of S.C. Code Ann. §15-79-125 and §15-36-100.

WHEREFORE, Defendant prays that Plaintiff's action be dismissed, that any request for actual, consequential, or punitive monetary relief be denied and for such other and further relief as this Court deems just and proper.

*/s/Daniel R. Settana, Jr.*
Daniel R. Settana, Jr., Fed. ID No. 6065
Richard E. Marsh, III, Fed. ID. No. 11722
McKay, Cauthen, Settana & Stubley, P.A.
1303 Blanding Street (29201)
P.O. Drawer 7217
Columbia, SC 29202
(803) 256-4645
Attorneys for Defendant Rawls

Columbia, South Carolina
June 17, 2015